IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NATHANIEL HENDERSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-245 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

**AMENDED MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241, 2254. (D.E. 1). Pending is respondent's motion for summary judgment for failure to state a claim upon which habeas relief may be granted. (D.E. 19). For the reasons stated herein, it is respectfully recommended that respondent's motion be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). At the time of filing this action, petitioner was incarcerated in Beeville, Texas, which is within the jurisdiction of this Court.

## II. BACKGROUND

Petitioner is currently serving a ten-year sentence for riot. (D.E. 19, Ex. A, at 2). He does not complain about the conviction for which he is currently incarcerated, but instead challenges the punishment assessed him and the procedure followed in disciplinary cause number 20060149417, where he was accused and found guilty of possession of marijuana. (D.E. 18, at 4). He claims that his due process rights were violated in the disciplinary action for two reasons: (1) he was not allowed to call witnesses; and (2) prison officials lacked sufficient evidence to find him guilty of the offense. (D.E. 1, at 7).

On January 27, 2006, Officer William Murray found a green, leafy substance during a search of petitioner's cell. (D.E. 18, at 5). In an Offense Report regarding this search, it indicates that, in conjunction with the search, Officer Poole tested the substance and determined that it was marijuana. Id. Petitioner was found guilty of possession of marijuana at a disciplinary hearing held on February 3, 2006. Id. at 4. He claimed that someone was trying to set him up by placing the marijuana in his cell. Id. at 6. Prior to the hearing, he did not request witnesses. Id. at 8. However, at the hearing, another inmate testified in support of his defense. Id. at 6, 13. His punishment was assessed at the loss of sixty days of good time credit, as well as the loss of forty-five days of commissary and recreation privileges. Id. at 6.

Following the disciplinary hearing, petitioner filed a Step One grievance and a Step Two grievance. (D.E. 1, at 12, 15). In his Step One grievance, he argued that he was denied the opportunity to call the charging officer as a witness, and that the disciplinary charge against him failed to give notice of the amount of marijuana found in his cell. (D.E. 18, at 17). Warden Crites denied his grievance because a preponderance of the evidence supported the disciplinary conviction, and because petitioner failed to produce any non-frivolous evidence in support of his defense. Id. at 18. In his Step Two Grievance, petitioner again argued that he should have been allowed to call the charging officer as a witness. Id. at 19. Kelli Ward denied his Step Two grievance because "due process requirements were satisfied," "the guilty verdict was supported by a preponderance of the evidence," and "[f]inding contraband in an offender's living area strongly suggests that the item is his or that he is aware of its existence, which also constitutes a violation." Id. at 20.

On June 13, 2006, petitioner filed this habeas petition. (D.E. 1). He alleges that his disciplinary conviction violated his due process rights. Id. at 7. On September 13, 2006, respondent filed a motion for summary judgment requesting that petitioner's habeas petition be dismissed as a matter of law and that no certificate of appealability be issued. (D.E. 19, at 9). He argues that petitioner has failed to demonstrate that he is entitled to federal habeas relief because neither changes in petitioner's confinement nor loss of good time credit raise due process

concerns. Id. at 4-6. In addition, he argues that petitioner did not have a right to cross-examine the charging officer at his disciplinary hearing, and did not present any other reason why the charging officer should have been called to testify at the hearing. Id. at 7-9.

### III.  DISCUSSION

**A.     Summary Judgment Standard of Review.**

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. Id. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the

matters stated therein." Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." Caboni, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." Anderson, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

**B.   Petitioner Fails to Establish a Protected Liberty Interest.**

    **1.   Changes in Conditions of Petitioner's Confinement.**

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241, 2254. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process:

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539 (1974)] and [Meachum v. Fano, 427 U.S. 215 (1976)]. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.... But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (internal citations omitted). The Fifth Circuit has noted that "these

interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). It is clear that "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin, 515 U.S. at 478 (citation omitted). Instead, the focus is on whether the penalties imposed by the state are the type of atypical, significant deprivation that creates a liberty interest. Id. at 484.

Petitioner is complaining, in part, of the loss of commissary and recreational privileges. (D.E. 1). However, not every state action taken for a punitive reason encroaches upon a liberty interest. Sandin, at 484. His loss of commissary and recreational privileges is not in line with the atypical, significant deprivations that create a protected liberty interest. Id. at 485-86; Madison, 104 F.3d at 768. Thus, it is respectfully recommended that these claims are not cognizable habeas claims.

### 2. Petitioner's Loss of Good Time Credits.

Petitioner's claim based on the loss of good time credits could possibly entitle him to habeas relief. See Malchi v. Thaler, 211 F.3d 953, 957-58. Good time credit is taken into consideration by officials for parole and mandatory supervision release purposes. In Texas, there are two ways that an inmate becomes eligible for early release: parole or mandatory supervision. Madison, 104 F.3d at

768.  Parole consists of a discretionary and conditional release of an eligible inmate to serve the remainder of his sentence under the supervision and control of the pardons and paroles division.  Id. (citations omitted).  Mandatory supervision is the release of an inmate to serve the remainder of his sentence under the supervision of the pardons and paroles division.  Id. (citations omitted).

The Fifth Circuit has found that because it is extremely speculative whether an inmate will be released on parole, "there is no constitutional expectancy of parole in Texas."  Id. at 768.  Because he has no constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions."  Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam).  Therefore, to the extent petitioner claims that his loss of good time credit affects his parole eligibility, it is respectfully recommended that he fails to state a constitutional claim upon which habeas relief can be granted.

Petitioner is only entitled to due process in the context of lost good time credit if he has a liberty interest in mandatory supervision.  The Fifth Circuit has determined that prior to September 1, 1996, the Texas mandatory supervision program created a constitutional expectancy of early release.[1]  Malchi, 211 F.3d at

---

[1] The Fifth Circuit has explained this constitutional expectancy was created by, the now repealed, article 42.18 § 8(c) of the Texas Code of Criminal Procedure, which reads, "a prisoner who is not on parole *shall* be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equals the maximum term to

957-58. Although petitioner did not begin serving the ten-year sentence for his riot conviction until 2001, the sentence was imposed in 1994. (D.E. 19-3, at 2). Therefore, he is serving a sentence for a conviction imposed prior to the amendment of the mandatory supervision statute, and the repealed mandatory supervision program is applicable in this case.

Under mandatory supervision release, while a prisoner has a constitutional expectancy of early release, he does not have a constitutional expectancy of release on a specific day. Malchi, 211 F.3d at 958. Therefore, some "de minimis delay of a few days in a prisoner's mandatory supervision release would not give rise to a constitutionally cognizable claim." Id. On the other hand, a six-month delay would be more than de minimis and would more than likely give rise to a constitutional claim. Id. In dicta, the Fifth Circuit has noted that "[a] 30-day delay of a mandatory supervision release might be de minimis and therefore not give rise to a due process claim." Richards v. Dretke, 394 F.3d 291, 294 n.5 (5th Cir. 2004). Following this line of reasoning, the United States District Court for the Northern District of Texas held that "30 days, which represents less than one-fourth of one

---

which he was sentenced." See Malchi, 211 F.3d at 957 n.4 (citing Tex. Code Crim. Proc. art. 42.18(c)). Article 42.18 § 8(c) was amended September 1, 1996, and subsequent to the amendment the whole body of Article 42.18 was repealed effective September 1, 1997. In determining what mandatory supervision statute applies in an offender's case, it is the date of the offense, not sentencing, that controls. See Ex parte Mabry, 137 S.W.3d 58, 60 (Tex. Crim. App. 2004) (savings clause included in new statute "reflect[s] clear intention by the Legislature to apply old law to prisoners serving a sentence for an offense committed prior to the September 1, 1996 effective date").

percent of Petitioner's total sentence, is de minimis and constitutional due process concerns are not implicated." Teague v. Dretke, 384 F. Supp.2d 999, 1003 (N.D. Tex. 2005).

Petitioner is serving a ten-year sentence for riot. (D.E. 19, Ex. A, at 2). Prior to beginning his sentence for riot, he was serving a forty-year sentence for aggravated robbery with a deadly weapon. Id. When he was paroled for the robbery sentence, he began serving the sentence for riot. Id. He has been in prison since 1989, and will be in prison until at least 2010. Id. His punishment at the disciplinary hearing was a loss of sixty days of good time credits. (D.E. 18, at 6). The deprivation of sixty days of good time credits from a prisoner serving a ten-year sentence, in addition to having conjunctively served over twelve years for a prior offense, seems to fall within the range of a de minimis delay that does not give rise to constitutional concerns.

The Fifth Circuit has determined that somewhere between a few days and six months lies a demarcation of when a prisoner possesses a constitutionally protected liberty interest in good time credits and when he does not. Malchi, 211 F.3d at 953. It has further indicated, in dicta, that a thirty-day delay, resulting from a loss of good time credits, during a sentence that was imposed for many years, would be considered de minimis. See Richards, 394 F.3d at 294 n.5. Based on the foregoing, it is respectfully recommended that the Court find that petitioner does

not have a protected liberty interest in his good time credits, but rather, suffered a de minimis delay in his release that is not constitutionally protected.

**C.    Petitioner was Afforded Due Process of Law.**

While a disciplinary hearing is not part of a criminal prosecution, and therefore, "the full panoply of rights due a defendant in such proceedings does not apply," the Supreme Court has held that prisoners are entitled to "minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right [of good time credit] is not arbitrarily abrogated." Wolff, 418 U.S. at 556, 558.  It further held that procedural due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges, at least twenty-four hours before the hearing; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses to testify in his defense, if not hazardous to institutional safety or correctional goals.  Id. at 564-66.  However, the third requirement is limited, and confrontation and cross-examination of witnesses are not constitutionally required. Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004).

Substantial due process is not violated if some evidence supports a disciplinary committee's findings and punishment.  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985).  It is not the job of the courts to assess

the weight of the evidence when reviewing disciplinary hearings, but only to determine whether the guilty finding has the support of some facts, or any evidence at all. Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001). The Supreme Court has elaborated on the "some evidence" requirement, explaining:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is <u>any evidence in the record that could support the conclusion reached by the disciplinary board</u>.

Hill, 472 U.S. at 455-56 (citations omitted) (emphasis added). The Fifth Circuit has articulated a "highly deferential standard" toward the findings of prison officials in disciplinary proceedings, and has suggested that courts defer to committee findings on credibility of evidence. See Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1984) (citation omitted) (stating that the sufficiency of evidence in a disciplinary proceeding is tested by a "highly deferential standard," and choosing to defer to a prison committee's choice to believe one witness over another).

Based on a review of petitioner's disciplinary records, it appears the State did follow the due process requirements set out by the Supreme Court in Wolff and Hill. First, petitioner does not dispute that he was given twenty-four hours notice of the disciplinary proceeding. Second, he does not dispute that the fact finders issued an adequate written statement of their findings. His complaints are that the

12

third requirement was not satisfied because he was not allowed to call the charging officer as a witness, or cross-examine the charging officer, and that the report given by the officer was insufficient evidence to support a finding of guilt. (D.E. 1, at 7).

According to the standard articulated by the Fifth Circuit in Houser, petitioner's due process right to present evidence and call witnesses in his defense does not extend to confrontation and cross-examination. 395 F.3d at 562. Therefore, it is respectfully recommended that petitioner's complaint that he was not allowed to confront the charging officer is without merit.

Petitioner did not request any witnesses when given the opportunity to do so before the hearing. (D.E. 18, at 8). However, he was still allowed to have a witness testify in support of his defense at the hearing. Id. at 6, 13. Petitioner has not presented any reason why his calling the charging officer as a witness would have amounted to anything more than a confrontation and cross-examination of the officer. He argues that he would have sought to undermine the credibility of the offense report. (D.E. 1, at 7). However, he has given no indication of any exculpatory evidence that he hoped to introduce through the testimony of the officer. Even if petitioner had requested the charging officer as a witness prior to the hearing, "prison officials were not required to permit the testimony or offer reasons for prohibiting the testimony." Houser, 395 F.3d at 562. Furthermore, this

Court should defer to the committee's findings on the weight and credibility of evidence. See Adams, 729 F.2d at 370. The committee found the investigation report, the photograph of the marijuana, and the field test report to be more credible than the testimony proffered by petitioner. Therefore, it is respectfully recommended that petitioner has failed to present a cognizable claim for habeas relief on the grounds that he was unable to have the charging officer testify at the disciplinary proceeding.

Petitioner argues that there was insufficient evidence to support a finding of guilt. (D.E. 1, at 7). Evidence used in the determination of petitioner's guilt included: (1) an offense report, (D.E. 18, at 5); (2) a written report by charging Officer Murray, id. at 10; (3) a photograph of marijuana found in petitioner's cell, id. at 11; and (4) a field test report indicating the substance found in petitioner's cell was marijuana. Id. at 12. All that is required to uphold a disciplinary conviction is that there be some evidence of guilt. Hill, 472 U.S. at 455-56 (citations omitted). This Court should defer to the committee's findings on the weight and credibility of the evidence. See Adams, 729 F.2d at 370. Therefore, it is respectfully recommended that petitioner's claim that there was insufficient evidence to support the disciplinary conviction is without merit.

**D.     Certificate of Appealability.**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 19), be granted, and that petitioner's habeas petition, (D.E. 1), be dismissed with prejudice.  It is further respectfully recommended that petitioner is not entitled to an evidentiary hearing.  Finally, it is respectfully recommended that he be denied a certificate of appealability.

Respectfully submitted this 28th day of November 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).