IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NATHANIEL HENDERSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-245 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION
## REGARDING PETITIONER'S MOTION TO RECONSIDER

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and currently is incarcerated at the McConnell Unit in Beeville, Texas.  Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241, 2254.  (D.E. 1).  Pending is petitioner's objection to the final judgment, which is construed as a motion to reconsider.  (D.E. 27).  For the reasons stated herein, it is respectfully recommended that petitioner's motion be granted in part and denied in part.

### I. BACKGROUND

**A.     Petitioner's Habeas Claim Concerning His Disciplinary Proceeding.**

Petitioner is currently serving a ten-year sentence for riot.  (D.E. 19, Ex. A, at 2).  He does not complain about the conviction for which he is currently incarcerated, but instead challenges the punishment assessed him and the procedure followed in disciplinary cause number 20060149417, where he was

accused and found guilty of possession of marijuana. (D.E. 18, at 4). He claims that his due process rights were violated in the disciplinary action for two reasons: (1) he was not allowed to call witnesses; and (2) prison officials lacked sufficient evidence to find him guilty of the offense. (D.E. 1, at 7).

On or about January 26, 2006, Officer William Murray found a green, leafy substance during a search of petitioner's cell. (D.E. 18, at 5, 10). In an Offense Report regarding this search, it indicates that, in conjunction with the search, Officer Poole tested the substance and determined that it was marijuana. Id. Petitioner was found guilty of possession of marijuana at a disciplinary hearing held on February 3, 2006. Id. at 4. He claimed that someone was trying to set him up by placing the marijuana in his cell. Id. at 6. Prior to the hearing, he did not request witnesses. Id. at 8. However, at the hearing, another inmate testified in support of his defense. Id. at 6, 13. His punishment was assessed at the loss of sixty days of good-time credit, as well as the loss of forty-five days of commissary and recreation privileges. Id. at 6.

Following the disciplinary hearing, petitioner filed a Step One grievance and a Step Two grievance. (D.E. 1, at 12, 15). In his Step One grievance, he argued that he was denied the opportunity to call the charging officer as a witness, and that the disciplinary charge against him failed to give notice of the amount of marijuana found in his cell. (D.E. 18, at 17). Warden Crites denied his grievance because a

preponderance of the evidence supported the disciplinary conviction, and because petitioner failed to produce any non-frivolous evidence in support of his defense. Id. at 18. In his Step Two Grievance, petitioner again argued that he should have been allowed to call the charging officer as a witness. Id. at 19. Kelli Ward denied his Step Two grievance because "due process requirements were satisfied," "the guilty verdict was supported by a preponderance of the evidence," and "[f]inding contraband in an offender's living area strongly suggests that the item is his or that he is aware of its existence, which also constitutes a violation." Id. at 20.

**B.    Procedural History Of Petitioner's Habeas Claim.**

On June 13, 2006, petitioner filed this habeas petition. (D.E. 1). He alleges that his disciplinary conviction violated his due process rights. Id. at 7. On September 13, 2006, respondent filed a motion for summary judgment requesting that petitioner's habeas petition be dismissed as a matter of law and that no certificate of appealability be issued. (D.E. 19, at 9). He argues that petitioner has failed to demonstrate that he is entitled to federal habeas relief because neither changes in petitioner's confinement nor loss of good time credit raise due process concerns. Id. at 4-6. In addition, he argues that petitioner did not have a right to cross-examine the charging officer at his disciplinary hearing, and did not present any other reason why the charging officer should have been called to testify at the hearing. Id. at 7-9.

On December 21, 2006, a memorandum and recommendation was issued recommending that respondent's motion for summary judgment be granted. (D.E. 24). First, it addressed petitioner's claims regarding the loss of commissary and recreational privileges, recommending that such claims were not cognizable habeas claims. Id. at 6-7. Second, it was recommended that petitioner does not have a liberty interest in his good-time credits because any delay in his release was de minimis. Id. at 7-11. Third, it was also recommended that petitioner received due process and that there was sufficient evidence to support the disciplinary conviction. Id. at 11-15. Finally, it was recommended that he be denied a certificate of appealability. Id. at 15-16.

On April 2, 2007, the Court adopted the memorandum and recommendation, (D.E. 25), and entered final judgment. (D.E. 26). On April 12, 2007, petitioner filed his pending objection to the final judgment. (D.E. 27). He asserts that the Court failed to consider objections that he filed in this action, which he attached to his pending pleading. Id. at 2-3, 5-9; see also (D.E. 21).

On April 19, 2007, petitioner filed a notice of appeal. (D.E. 28). On January 24, 2008, the Fifth Circuit issued an order remanding the action to this Court with instructions to treat petitioner's April 12, 2007 objections as a motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.E. 33).

## II.  DISCUSSION

The Fifth Circuit has explained that a motion "to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 (5th Cir. 2007) (citation omitted).

**A.     Changes In Conditions Of Petitioner's Confinement.**

Petitioner does not address the recommendation that the loss of recreational and commissary privileges were not cognizable habeas claims in his pending motion. (D.E. 27).  Accordingly, it is respectfully recommended that his motion to reconsider be denied as it relates to this recommendation.

**B.     Petitioner's Loss Of Good-Time Credits.**

As a result of the disciplinary hearing, petitioner lost sixty days of good-time credit.  The recommendation that petitioner did not have a liberty interest in his good-time credit was based on the case law existing at that time.  Since that time, the Fifth Circuit has provided more guidance concerning the issue.  See Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007).  The Teague court held "that, when a state has created such a liberty interest, no amount of good-time credit, however slight, may be stripped from an inmate without affording him the protection of due process." Id. at 778.

Based on this holding in Teague, the recommendation that petitioner's

liberty interest in his good-time credit was de minimis is in error.  Accordingly, it is respectfully recommended that this Court grant petitioner's motion to reconsider as it relates to the determination that he had no liberty interest in his good-time credit.

**C.     Petitioner Was Afforded Due Process Of Law.**

Petitioner asserts that he was denied due process in his disciplinary hearing because he was not able to call and question the charging officer.  (D.E. 27, at 7-8). Consequently, he argues that he was denied the opportunity to challenge the charging officer's credibility.  Id.  Moreover, he asserts that this denial serves to bolster the influence and credibility of the charging officer and the offense report. Id.

While a disciplinary hearing is not part of a criminal prosecution, and therefore, "the full panoply of rights due a defendant in such proceedings does not apply," the Supreme Court has held that prisoners are entitled to "minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right [of good-time credit] is not arbitrarily abrogated."  Wolff v. McDonnell, 418 U.S. 539, 556, 558 (1974).  The Court further held that procedural due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges, at least twenty-four hours before the hearing; (2) a written statement by the fact finder of

6

the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses to testify in his defense, if not hazardous to institutional safety or correctional goals.  Id. at 564-66.  However, the third requirement is limited, and confrontation and cross-examination of witnesses are not constitutionally required.  Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004). Prison officials may limit the number of witnesses called without explanation.  Id.

Due process is not violated if some evidence supports a disciplinary committee's findings and punishment.  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985).  It is not the job of the courts to assess the weight of the evidence when reviewing disciplinary hearings, but only to determine whether the guilty finding has the support of some facts, or any evidence at all.  Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001).  The Supreme Court has elaborated on the "some evidence" requirement, explaining:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is <u>any evidence in the record that could support the conclusion reached by the disciplinary board</u>.

Hill, 472 U.S. at 455-56 (citations omitted) (emphasis added).  The Fifth Circuit has articulated a "highly deferential standard" toward the findings of prison officials in disciplinary proceedings, and has suggested that courts defer to committee findings on credibility of evidence.  See Adams v. Gunnell, 729 F.2d

362, 370 (5th Cir. 1984) (citation omitted) (stating that the sufficiency of evidence in a disciplinary proceeding is tested by a "highly deferential standard," and choosing to defer to a prison committee's choice to believe one witness over another).

Based on a review of petitioner's disciplinary records, it appears the State did follow the due process requirements set out by the Supreme Court in Wolff and Hill. First, in his motion to reconsider, petitioner does not dispute that he was given twenty-four hours notice of the disciplinary proceeding. Second, he does not dispute that the fact finders issued an adequate written statement of their findings. His complaints are that the third requirement was not satisfied because he was not allowed to call the charging officer as a witness, or cross-examine the charging officer, and that the report given by the officer was insufficient evidence to support a finding of guilt. (D.E. 27, at 6-8).

According to the standard articulated by the Fifth Circuit in Houser, petitioner's due process right to present evidence and call witnesses in his defense does not extend to confrontation and cross-examination. 395 F.3d at 562. In his motion to reconsider, petitioner does not present any reason why his calling the charging officer as a witness would have amounted to anything more than a confrontation and cross-examination of the officer. He argues that he would have sought to undermine the credibility of the offense report. (D.E. 27, at 7-8).

However, he has given no indication of any exculpatory evidence that he hoped to introduce through the testimony of the officer. Even if petitioner had requested the charging officer as a witness prior to the hearing, "prison officials were not required to permit the testimony or offer reasons for prohibiting the testimony." Houser, 395 F.3d at 562. Furthermore, this Court should defer to the committee's findings on the weight and credibility of evidence. See Adams, 729 F.2d at 370. The committee found the investigation report, the photograph of the marijuana, and the field test report to be more credible than the testimony proffered by petitioner. Therefore, it is respectfully recommended that petitioner's motion to reconsider related to his claim that he was unable to have the charging officer testify at the disciplinary proceeding be denied.

**D.     Certificate Of Appealability.**

Petitioner does not address the recommendation that he be denied a certificate of appealability in his pending motion, but instead asks that the Court not address the question of whether he is entitled to a certificate of appealability. (D.E. 27, at 9). He does not provide any argument or case law to support his position. Accordingly, it is respectfully recommended that his motion to reconsider be denied as it relates to this recommendation.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that petitioner's motion to reconsider, (D.E. 27), be granted in part as it relates to the original recommendation that petitioner had no liberty interest in his good-time credit. Accordingly, it is respectfully recommended that petitioner has established a liberty interest in his loss of sixty days of good-time credit.  It is further respectfully recommended that his motion to reconsider be denied as to all other claims.  Finally, it is respectfully recommended that he be denied a certificate of appealability.

Respectfully submitted this 4th day of February 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).