UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

NATHANIEL HENDERSON,              §
                                 §
        Petitioner,              §
VS.                              §      CIVIL ACTION NO. C-06-245
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
        Respondent.              §

## ORDER DENYING MOTION FOR RECONSIDERATION

On this day came on to be considered Petitioner Nathaniel Henderson's motion for reconsideration of this Court's "Order Adopting Memorandum and Recommendation Regarding Petitioner's Motion to Reconsider" (D.E. 39, seeking reconsideration of D.E. 36).  Petitioner actually styled his motion for reconsideration as "Objections" to the above-referenced Court Order, however, because Petitioner's objections were postmarked within ten (10) days of entry of the Court's Order, the Court will treat Petitioner's objections as a motion to reconsider under Federal Rule of Civil Procedure 59(e).  For the reasons set forth below, Petitioner's Rule 59(e) motion for reconsideration is hereby DENIED.

I.      **Factual and Procedural Background**

A.      **Petition for Habeas Corpus**

Petitioner Henderson filed his petition for writ of habeas corpus on June 14, 2006 (D.E. 1).  Petitioner is currently serving a 10 year sentence for riot, but his habeas petition does not address his holding conviction.  Rather, Petitioner complains that he was denied due process at a February 3, 2006 disciplinary hearing, where he was found guilty of the offense of using or possessing narcotics, marijuana, or unauthorized drugs.  Specifically, Petitioner claims that his due process rights were violated because (1) there was insufficient evidence to support a finding

of guilty; and (2) Petitioner was denied the opportunity to call and question the charging officer at the hearing.   As punishment for the offense, Petitioner lost 45 days of recreation and commissary privileges, he received a verbal reprimand, he remained at L3 line status, and he lost 60 days of good time credit.   Petitioner exhausted his administrative remedies by filing Step One and Step Two grievances, which both found that Petitioner had not been deprived of his due process rights.

B.      **Respondent's Motion for Summary Judgment**

On September 13, 2006, Respondent Nathaniel Quarterman filed a motion for summary judgment, arguing that Petitioner's due process rights were not violated.   (D.E. 19).   On December 21, 2006, Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation recommending that this Court grant Respondent's motion for summary judgment.  (D.E. 24).[1]

With regard to Petitioner's punishment, the Memorandum and Recommendation found that Petitioner did not have a protected liberty interest in the aspects of his punishment re: line status, the verbal reprimand, and the loss of 45 days of recreation and commissary privileges.

Petitioner in this case is eligible for mandatory supervision.  With regard to Petitioner's loss of 60 days of good time credit, the Memorandum and Recommendation noted that a prisoner who is eligible for mandatory supervision can have a liberty interest in good time credit that can lead to early release under the mandatory supervision statute.  See Ex parte Retzlaff, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004); Ex parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000)

---

[1]Magistrate Judge Owsley also issued two earlier Memorandum and Recommendations regarding Respondent's motion for summary judgment (D.E. 20, dated October 13, 2006, and D.E. 23, dated November 28, 2006).  The three Memorandum and Recommendation orders are almost identical, although the third, final Memorandum and Recommendation (D.E. 24) contains additional discussion regarding Petitioner's due process claims.

("the language of the [mandatory supervision] statute does create a liberty interest in mandatory supervision release."). However, the Memorandum and Recommendation determined that Petitioner's loss of the 60 days of good time credit did not implicate constitutional due process concerns, because the 60 day loss could only lead to a de minimis delay in the Petitioner's release. Specifically, the Memorandum and Recommendation stated that "[t]he deprivation of sixty days of good time credits from a prisoner serving a ten-year sentence, in addition to having conjunctively served over twelve years for a prior offense, seems to fall within the range of a de minimis delay that does not give rise to constitutional concerns." (D.E. 24, p. 10).

In the alternative, the Memorandum and Recommendation also found that even if constitutional concerns were implicated, Petitioner was afforded due process of law during the February 3, 2006 disciplinary hearing. The standard for due process in prison disciplinary hearings is set forth in Wolff v. McDonnell, 418 U.S. 539, 556, 558 (1974). Wolff held that a prisoner facing a disciplinary action must be provided with (1) written notice of the charges, at least 24 hours before the hearing; (2) a written statement by the factfinder of the evidence and reasons for disciplinary action; and (3) an opportunity to present evidence and call witnesses to testify, if not hazardous to institutional safety or correctional goals. Id. This third requirement is limited, and (contrary to Petitioner's claims), prisoners are not constitutionally entitled to confront and cross-examine witnesses. See Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004). Substantial due process is not violated if some evidence supports a disciplinary committee's finding and punishment. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985). Applying these standards to Petitioner's situation, the Memorandum and Recommendation determined that Petitioner was not denied due process at his February 3, 2006 disciplinary hearing. Specifically, the Memorandum and Recommendation found that Petitioner

did not have an absolute right to call the charging officer as a witness, and significant evidence supported the finding of guilt.

### C.   **Petitioner's Objections and Court's Adoption of the Memorandum and Recommendation**

On November 1, 2006, Petitioner filed objections to the October 13, 2006 Memorandum and Recommendation (D.E. 20).  Petitioner's objections did not raise any new points but rather repeated his claims that he was denied due process at the disciplinary hearing.

On April 2, 2007, the Court adopted the Memorandum and Recommendation recommending that the Court grant Respondent's motion for summary judgment.  (D.E. 25, adopting D.E. 24).  On April 2, 2007, the Court entered final judgment dismissing Petitioner's habeas petition and denying a certificate of appealability.  (D.E. 26).

On April 12, 2007, Petitioner filed objections to the Court's Order adopting the Memorandum and Recommendation and to the Court's Order of Final Judgment.  (D.E. 27, Objections).   Petitioner's objections focused on his claim that the Order adopting the Memorandum and Recommendation failed to account for his earlier, November 1, 2006 objections.[2]

### D.   **Petitioner's Appeal to the Fifth Circuit**

On April 19, 2007, Petitioner appealed the Court's final judgment dismissing his habeas petition (D.E. 26) to the United States Court of Appeals for the Fifth Circuit.  (Notice of Appeal, D.E. 28).  On January 24, 2008, the Fifth Circuit issued an order holding that under Federal Rule of Appellate Procedure 4(a)(4), the Fifth Circuit did not have jurisdiction to consider Petitioner's

---

[2]What appears to have happened is that Petitioner filed objections to the first issued Memorandum and Recommendation (D.E. 20, dated October 13, 2006), but he never filed objections to the third, final amended Memorandum and Recommendation (D.E. 24, dated December 21, 2006), which was the Memorandum and Recommendation adopted by the Court.

appeal.  (D.E. 33).  Specifically, the Fifth Circuit found that Petitioner's April 12, 2007 objections should have been construed as a Rule 59(e) motion for reconsideration, and a Rule 59(e) motion renders a notice of appeal ineffective until the 59(e) motion is ruled on by the district court.  Accordingly, the Fifth Circuit found that Petitioner's notice of appeal was ineffective pending a ruling on Petitioner's  April 12, 2007 objections (construed as Petitioner's Rule 59(e) motion for reconsideration).  Accordingly, the Fifth Circuit remanded the case "for the limited purpose of allowing the district court to rule on [Petitioner's] pending [Rule 59(e)] motion."  (Id., p. 2).  The Fifth Circuit indicated that Petitioner's certificate of appealability motion "shall be held in abeyance until his notice of appeal becomes effective."  (Id.).

    E.    **Petitioner's First Rule 59(e) Motion for Reconsideration**

    In accordance with the Fifth Circuit's Order, Magistrate Judge Brian L. Owsley prepared a Memorandum and Recommendation on Petitioner's April 12, 2007 objections, which were construed as a Rule 59(e) motion for reconsideration (D.E. 34, dated February 4, 2008).

    With regard to Petitioner's loss of 60 days of good time credit, the December 21, 2006 Memorandum and Recommendation recommended that Petitioner did not have a constitutionally recognized liberty interest in the lost 60 days.  This was because even though Petitioner was eligible for mandatory supervision early release, the 60 days fell within a "de minimus" range that would not give rise to constitutional concerns.  (D.E. 24, p. 10).  The recommendation was based on existing law at the time.  However, since that time, the Fifth Circuit has provided more guidance on the issue.  Specifically, the Fifth Circuit recently decided a case, Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007), which held that when a state creates a liberty interest, "no amount of good time credit, however slight, may be stripped from an inmate without affording him the protection of due process."  Id. at 778.  Accordingly, under Teague, the

December 21, 2006 Memorandum and Recommendation's analysis regarding the 60 days loss of good time credit was not correct.  Under Teague, this 60 days loss of good time credit would implicate constitutional due process concerns, since it would affect Petitioner's release date under the mandatory supervision statute.  Accordingly, the February 4, 2008 Memorandum and Recommendation recommended that Petitioner's 59(e) motion should be GRANTED with regard to the de minimus issue.

However, the February 4, 2008 Memorandum and Recommendation also recommended that Petitioner's Rule 59(e) motion be DENIED as to the issue of whether Petitioner was afforded due process at the February 3, 2006 disciplinary hearing.  As discussed above, the December 21, 2006 Memorandum and Recommendation recommended that even if Petitioner's liberty interests were implicated, Petitioner was afforded due process of law in the disciplinary proceeding.  Because Petitioner was afforded due process under the standard set forth in Wolff v. McDonnell, 418 U.S. at 556, 558, on this ground it was recommended that Petitioner's Rule 59(e) motion should be DENIED.

On March 4, 2008, the Court adopted the Memorandum and Recommendation regarding Petitioner's motion for reconsideration  (D.E. 36, adopting D.E. 34).  The Court ordered that the Rule 59(e) motion was "granted in part as it relates to the original recommendation that petitioner had no liberty interest in his good-time credit" and "denied as to all other claims and that he be denied a certificate of appealability."  (Id., p. 1).  The net result of the Court's Order was that (1) Respondent's motion for summary judgment was still GRANTED, on the grounds that Petitioner was not denied his due process rights; and (2) Petitioner's habeas petition was still DISMISSED.

F.      **Petitioner's Second Rule 59(e) Motion for Reconsideration**

On March 17, 2008, Petitioner filed objections to this Court's Order adopting the Memorandum and Recommendation regarding Petitioner's earlier motion for reconsideration (D.E. 39, objecting to D.E. 36). Because Petitioner's objections were dated March 11, 2008, which is within ten days of the entry of the Court's Order adopting the Memorandum and Recommendation, the Court will treat Petitioner's objections as a Rule 59(e) motion for reconsideration. See Fletcher v. Apfel, 210 F.3d 510, 511-12 (5th Cir. 2000) (citing Trust Company Bank v. United States Gypsum Co., 950 F.2d 1144, 1147 (5th Cir. 1992)) ("A motion to reconsider which challenges a prior judgment on the merits will be treated as a Federal Rule of Civil Procedure 59(e) motion if it is served within ten days after entry of the judgment."). For the reasns set forth below, Petitioner's motion for reconsideration is DENIED.

II.     **Discussion**

A.      **Rule 59(e) Motions for Reconsideration**

A Rule 59(e) motion is one that seeks to "alter or amend" a previous judgment entered by the Court. Fed. R. Civ. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id.; see also Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued"). Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" that was not available before the judgment issued.  See Schiller v. Physicians Res. Group Inc., 342 F.3d 563, 567-68 (5th Cir. 2003) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003)).

        B.      **Petitioner's Motion for Reconsideration Must Be Denied**

In this case, Petitioner does not raise any new arguments in his motion for reconsideration.  Rather, Petitioner re-hashes his old arguments that he was denied due process at the February 3, 2006 disciplinary hearing.  Specifically, Petitioner complains that he was not afforded due process because he was not permitted to call the correct charging officer as a witness, he was not permitted to cross-examine the charging officer, and that there was insufficient evidence to support a finding of guilt.  (D.E. 39, p. 1).  These arguments have all been addressed and rejected in earlier orders of this Court.  Specifically, Petitioner does not have the right to call and cross-examine the charging officer at his disciplinary hearing.  See Houser, 395 F.3d at 562 ("confrontation and cross-examination of witnesses is not constitutionally required. ... prison officials may, in their discretion, limit the number of witnesses called without offering an explanation to the prisoner.").  Further, due process is not violated if some evidence supports the findings and punishment of the disciplinary committee.  See Hill, 472 U.S. at 454-56.  In this case, there is ample evidence to support the hearing officer's finding that Petitioner was guilty of the offense of using or possessing narcotics, marijuana, or unauthorized drugs. (Disciplinary Hearing Record, pp. 2-3, 7-9).  This evidence includes an investigation report, a photograph of marijuana in Petitioner's cell, and a field test report showing that the substance was indeed marijuana.  (Id.).

In sum, Petitioner's due process rights were not violated in this case, and Petitioner has only raised identical arguments that have already been considered and rejected by the Court. Accordingly, Petitioner's motion for reconsideration must be DENIED.  See Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) ("neither a Rule 59 nor a Rule 60 motion provides the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier").

III.    **Conclusion**

Petitioner's Rule 59(e) motion for reconsideration (D.E. 39, Objections) is hereby DENIED.   Petitioner's petition for a writ of habeas corpus remains DISMISSED and Respondent's motion for summary judgment remains GRANTED.  A certificate of appealability is DENIED.[3]

SIGNED and ORDERED this 20th day of March, 2008.

_____
Janis Graham Jack
United States District Judge

---

[3]The final judgment entered on April 2, 2007 (D.E. 26) remains the final judgment in this case.  As noted in the final judgment, Petitioner's petition for writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED.  This remains the case, and Docket Entry No. 26 remains the final judgment in this action.